IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


TYRONE F. EDWARDS                                                    PLAINTIFF

vs.                            Civil No. 1:10-cv-01071

MICHAEL J. ASTRUE                                                    DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Tyrone Edwards ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Disability Insurance Benefits, ("DIB"), Supplemental Security Income ("SSI") and a period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

### 1. Background:

Plaintiff protectively filed an application for DIB and SSI on February 15, 2007.  (Tr. 10, 84-

92).  Plaintiff alleged he was disabled due to depression and a deformity to his right hand.  (Tr. 105).

Plaintiff alleged an onset date of June 30, 2005.  (Tr. 105).  These applications were denied initially

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

and again upon reconsideration.    (Tr. 44-49, 55-58).    Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted.  (Tr. 60-61).

Plaintiff's administrative hearing was held on December 1, 2008, in Little Rock, Arkansas. (Tr. 20-39).  Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *Id.*  Plaintiff, and Vocational Expert ("VE") Dianne Smith testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had completed the 10th grade.  (Tr. 23).

On February 11, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 10-19).  In this decision,  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 30, 2005, his alleged onset date.  (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairments psychotic disorder, mood disorder, and residual deformity of the fifth metacarpal head.  (Tr. 12, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-18, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to lift and/or carry 50 pounds occasionally, and 25 pounds frequently; stand and/or walk up to a total of 6 hours in an 8-hour work day; sit for a total of 2 hours in an 8-hour workday; push and/or pull 50 pounds occasionally and 25 pounds frequently; use of dominant right hand as an assistive device only; limited to work where interpersonal contact is incidental to work performed,

complexity of tasks is learned and performed by rote, few variables, little judgment; and supervision required is simple direct, and concrete. (Tr. 14, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ determined Plaintiff had no PRW. *Id.* The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to a question from the ALJ that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a laundry worker/linen room attendant with approximately 15,000 such jobs in the region and 250,000 in the national economy. *Id.* The ALJ also used Medical-Vocational Guidelines Rule 203.25 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 203.25. (Tr. 19). The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from June 30, 2005 through the date of his decision. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 8, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 19, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7,8. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by

substantial evidence in the record.  ECF No. 7 at 2-12.  Specifically, Plaintiff claims the ALJ erred

(1) in evaluating his RFC, and (2) presented an improper hypothetical to the VE.  In response, the

Defendant argues the ALJ did not err in any of his findings.  ECF No. 8.  Because this Court finds

the ALJ improperly evaluated Plaintiff's RFC, this Court will only address this issue Plaintiff raised.

In social security cases, it is important for an ALJ to evaluate a claimant's Global

Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to

a mental impairment.  GAF scores range from 0 to 100.  Am. Psychiatric Ass'n, *Diagnostic &*

*Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).  The Eighth

Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully

evaluated when determining a claimant's RFC.  *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707

(8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ

failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).  Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)).

In the present action, Plaintiff was assessed as having a GAF score of 30 on February 10, 2005 in a progress note from the South Arkansas Regional Health Center.  (Tr. 208).  Plaintiff was assessed with GAF scores of 40-45 through August 10, 2007 on follow up visits with South Arkansas Regional Health Center.  (Tr. 209-213).  Additionally, on May 30, 2007 Plaintiff was seen by licensed psychologist Dr. John Rago for a Disability Determination Evaluation.  (Tr. 153-157).  Dr. Rago assessed Plaintiff with a GAF score of 40-50.  (Tr. 156).  The ALJ's opinion contained no mention of these GAF scores.

It was the ALJ's responsibility to evaluate those GAF scores and make a finding regarding their reliability as a part of the underlying administrative proceeding.  *See Conklin,* 360 F. App'x at 707.   Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with a depressive disorder.  (Tr. 152, 156, 164, 198).  Thus, considering these facts, because the ALJ did not evaluate Plaintiff's low GAF scores, this case must be reversed and remanded for further evaluation of these scores.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis of Plaintiff's GAF scores should

be performed.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **30th day of January, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2]Based on these findings, I do not find it necessary to reach to other point of error raised by the Plaintiff in this appeal.